### BROWER v. HUSTED et al.

*(Supreme Court, General Term, Second Department. February 8, 1892.)*

VENUE IN CIVIL CASES—CHANGE OF PLACE OF TRIAL.

Under Code Civil Proc. § 982, providing that an action affecting real property must be tried in the county in which the subject of the action, or some part thereof, is situated, the place of trial of an action to set aside three real-estate mortgages should be changed from a county in which none of the parties reside, and none of the property to be affected is situated, to a county where the convenience of witnesses will best be subserved, and in which property affected by two of the mortgages is situated.

Appeal from special term, Westchester county.

Action by George V. Brower, as receiver of the Ridgewood Ice Company, against William A. Husted, the Brooklyn Trust Company, as trustee, etc., and others, to set aside mortgages of real estate. Defendant Husted appeals from an order changing the place of trial from Westchester county to Kings county. Affirmed. For former report, see 14 N. Y. Supp. 462.

Argued before BARNARD, P. J., and DYKMAN, J.

*Henry Daily, Jr.,* for appellant. *J. T. Marean,* for respondent Brower. *Bergen & Dykman,* for respondent Brooklyn Trust Co. *G. P. Jenks,* for respondent James R. Downer. *Myer Nussbaum,* for respondent Alfred J. Voyer. *Edgar T. Brackett, (Joseph A. Shoudy,* of counsel,) for respondent Joseph D. Baucas.

BARNARD, P. J. The Ridgewood Ice Company is a domestic corporation. Its principal place of business was in Brooklyn until the receiver was appointed. The object of the action brought by the receiver is to set aside three mortgages given by the corporation. None of the parties reside in Westchester county. Two of the mortgages sought to be set aside affect real estate situate in Kings county. There is no property, real or personal, in Westchester county to be affected by the judgment. The place of trial belongs of right in Kings county. Code, § 982. The principal contesting defendants, except the defendant Downer, and the attorney general, as well as the plaintiff, consented to the change of place of trial. The papers show that Kings county is the best place to subserve the convenience of witnesses. It seems that no one lives in Westchester county who will be convenienced by the place of trial being returned there. The order should therefore be affirmed, with costs and disbursements.